OPINION OF THE COURT
John J. Connell, J.
The defendant has made a motion to dismiss the indictment based on the People’s failure to comply with their obligations pursuant to People v Rosario (9 NY2d 286), Brady v Maryland (373 US 83), and the discovery requirements under CPL article 240.
The following facts as described in defendant’s papers are not in dispute: at the defendant’s arraignment before this court on August 19, 1996, the defendant served upon the People a request for a bill of particulars and demand for discovery. Thereafter, on September 24, 1996 the defendant filed his omnibus motions, which were answered by the People on October 3, 1996. Just before jury selection began on February 3, 1997, the Assistant District Attorney moved to dismiss counts VI, VII, VIII and IX of the indictment because the audiotape recordings relating to those counts had become lost while in her possession. Approximately three hours into jury deliberations, the Assistant District Attorney delivered a large envelope to defense counsel, which was ultimately received as court exhibit 2, containing numerous papers, documents and items of personal property belonging to the defendant. The face of the envelope was "letter addressed” to the Assistant District Attorney "for Alfredo Ariosa” at the Hall of Justice. The return address was that of the victim in this case, the defendant’s wife. It was postmarked July 29, 1996. The envelope was examined by both counsel, who inventoried 47 items therein.
The District Attorney stated that she received the package ■from the victim with instructions to turn it over to the defendant when she thought it appropriate to do so. She withheld the items after reviewing them and determining that they were not helpful for her case-in-chief. Rather she decided to turn over the items at a time when the case was concluded. On August 19, 1996, defense counsel requested that the People turn over the following discoverable items: "F. A list of all property seized or obtained in any manner from the defendant and co-defendants, if any, the date, time and location such was obtained, and copies of any documents relative to the People’s obtaining such; CPL § 240.20(f)”. In their response to the *314 discovery request, the People indicated that "discovery materials were served on defense counsel on August 13, 1996”. Defense counsel was neither advised of the existence nor of the contents of the envelope in question, in spite of the fact that these items clearly belonged to the defendant.
Although it is the People’s position that the materials do not contain Rosario or Brady material, even a cursory inspection shows otherwise. Critical to the issues in this case is the credibility of the victim. The defendant is charged with three separate incidents of forcible rape in which his wife is the alleged victim. There is no physical or testimonial evidence linking the defendant to those crimes other than her testimony. There are most unusual circumstances surrounding these allegations. The defendant is a Cuban refugee who spoke little, if any, English at the time he met and subsequently married his wife and at the time these allegations arose. His wife is English speaking and it is clear from the testimony that the defendant was almost exclusively reliant on her ability to assist him in day-to-day activities in the Rochester community, as well as working towards obtaining resident alien status through United States Immigration. At the core of these allegations is the victim’s assertion that the defendant convinced the victim to undergo a civil wedding ceremony in advance of their planned religious ceremony in order to avoid immigration complications. It was between the time of the civil ceremony and the planned religious ceremony that the alleged rapes took place. The victim claimed that the agreement for the civil ceremony was grounded in an agreement between the two that no sexual intercourse take place until the religious ceremony occurred. Hence, the status of the immigration claims, the credibility of the victim, their status as a married couple in the community and their admitted consensual sexual relations before and during the time of the alleged forcible rapes was very relevant in this case.
Numerous documents in court exhibit 2 relate to the immigration status of the defendant, the victim’s knowledge of that status, and their public "marital status” before their wedding. Many of the writings contained in the envelope are in the hand of the victim and at least one, number 45, is clearly a Rosario statement of the victim. This court’s review of the items in the envelope reveals numerous items that would provide fertile ground for cross-examination of the victim. The People never moved for a protective order or in any way indicated that these items were not discoverable by the defen *315 dant. The victim was no longer living in New York State nor available to the defendant such that items could even be requested of her by the defendant.
Beyond Rosario violations, these materials also contained items that present possible Brady violations. The defense had made specific Brady applications requesting the People to supply them with evidence which would be favorable to the defense. Certainly the items concerning the victim’s knowledge of the true immigration status of the defendant would fall under the category of Brady material as requested in the defense’s omnibus motion papers.
This court is satisfied that although the People made a conscious decision to withhold these items from the defense, it was not done with a malevolent motive or in an attempt to intentionally conceal exculpatory or Rosario material. Whatever their motivation for not complying with their obligation to turn the items over to the defendant, the harm was done by the People’s failure to turn over the items. The defendant chose not to testify, chose not to call witnesses in his own behalf and had unavailable to him his own property as well as notes and writings of the victim that could have been used to cross-examine her concerning extremely relevant portions of her testimony.
If a court finds that one of the parties has failed to comply with any disclosure provisions, it may allow such discovery to take place, grant an adjournment, issue a protective order, preclude the introduction of certain evidence or certain witnesses or take any other appropriate action (CPL 240.70). In this case, this court initially declared a mistrial before deliberations concluded. That action was taken over the objection of the District Attorney. None of the specific provisions of CPL 240.70 would sufficiently sanction the People for this gross failure to fulfill their discovery, Rosario and Brady obligations. Accordingly, this court finds that the appropriate sanction would be one that would send a message to the People that their review of discoverable materials requested by the defense and their response to those requests has to be more than just a boilerplate, cursory review and response. It must be a proactive, vigorous attempt to respond to the requests made by defense counsel or to seek protective orders in circumstances they feel are inappropriate for discovery. The consequences to a defendant for the People’s failure to turn over materials are severe indeed. Accordingly, the sanctions for failing to disclose such materials must also send a clear message. This court *316 exercises its discretion to send that clear message in this case by dismissing the indictment.
Accordingly, indictment No. 0587/96 is hereby dismissed.